# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 11-216V
Filed: September 28, 2016
For Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JEFFREY DAVID SIMMONS, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

Interim attorneys' fees and costs decision; reasonable attorneys' fees; net present value

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Clifford J. Shoemaker, Vienna, VA, for petitioner.
Justine E. Walters, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 18, 2015, petitioner filed an application for interim attorneys' fees and costs, requesting $5,892.73 in petitioner's interim costs and a total of $162,847.25 in interim attorneys' fees and costs.   On March 6, 2016, petitioner filed an amended application for interim attorneys' fees and costs.   In his amended application, petitioner reduced the amount of personal costs he requested to $5,462.65.   Petitioner also asked for $169,807.15 in interim attorneys' fees and costs.   In his reply to respondent's response to his application for interim attorneys' fees and costs on March 27, 2016, petitioner requested an additional $3,868.70 in costs.   Finally, petitioner filed a supplemental motion for interim attorneys' fees and costs on June 5, 2016, requesting an additional $5,190.95 in interim attorneys' fees and $4,026.00 in interim attorneys' costs.   In sum, petitioner requests a total of $188,355.45 in interim attorneys' fees and costs.

---

[1] Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

For the reasons set forth below, the undersigned awards petitioner $185,077.20 in interim attorneys' fees and costs incurred up to and including June 5, 2016, when petitioner filed his supplemental application for interim attorneys' fees and costs.

## PROCEDURAL HISTORY

On April 7, 2011, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act") alleging his receipt of the tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine on April 11, 2008 caused him to develop anaphylaxis, immune dysregulation, and autoimmune disease leading to Addison's disease.

The undersigned held a two-day entitlement hearing beginning on July 9, 2015.   On October 30, 2015, the undersigned issued a ruling on entitlement, finding that petitioner was entitled to compensation under the Vaccine Act.   The parties have been negotiating damages in this case since the undersigned issued her ruling on entitlement.

On December 18, 2015, petitioner filed an application for interim attorneys' fees and costs, requesting $5,892.73 in interim costs, $91,265.40 in interim attorneys' fees, and $71,581.85 in interim attorneys' costs.

On March 6, 2016, petitioner filed another application for interim attorneys' fees and costs.   He reduced the amount of the personal costs he requests to $5,462.65, explaining that his counsel calculated his costs incorrectly in his first application for interim attorneys' fees and costs.   Petitioner also requested $95,529.35 in interim attorneys' fees and $70,999.55 in interim attorneys' costs.   Petitioner further requested that the undersigned add an additional $3,278.25 to the award of interim attorneys' fees based on the argument that the 2016 McCulloch rates should be retroactively applied to petitioner's counsel's earlier work on the case.   See McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).   This amount represents an additional $3,123.00 in fees for Mr. Shoemaker's work and $155.25 for Ms. Gentry's work.

Respondent filed a response to petitioner's application for interim attorneys' fees and costs on March 25, 2016.   Respondent made several objections to petitioner's interim attorneys' fees and costs request which will be discussed below.

On March 27, 2016, petitioner filed a reply to respondent's response, in which he requested an additional $3,868.70 in costs related to retaining a life care planner.   Petitioner filed a supplemental interim attorneys' fees and costs request on June 5, 2016, requesting an additional $5,190.95 in interim attorneys' fees and $4,026.00 in interim attorneys' costs.   In total, petitioner has requested a total of $188,355.45 in interim attorneys' fees and costs.[2]

---

[2] This figure includes the additional $155.25 petitioner requested for Ms. Gentry's work in the application for interim attorneys' fees filed on March 6, 2016.   Petitioner's application for additional interim attorneys' fees and costs filed on June 5, 2016 does not include the $155.25 for Ms. Gentry's work.   Because petitioner included the

The matter of petitioner's interim attorneys' fees and costs is now ripe for adjudication.

## DISCUSSION

### I.        Reasonableness of Requested Attorneys' Fees and Costs

### A.  Reasonable Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task.   See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008). Counsel must not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."   Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).   It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id.   Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond.   See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009).   A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.   Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

In her response to petitioner's application for interim attorneys' fees and costs, respondent explains she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).   Resp't's resp. at 3. However, respondent states that her "estimation of reasonable [interim] attorneys' fees and costs for the present case roughly falls between $145,000.00 and $149,750.00."   Id. at 5.   Respondent bases this estimate on her "judgment and experience in similar cases under the Vaccine Act." Id.

The undersigned does not find respondent's argument that she should base her award on respondent's range persuasive.   It is not necessarily instructive to compare cases involving similar procedural histories in order to determine the appropriate amount of interim attorneys' fees and costs.   Each case in the Vaccine Program is different.   Even petitioners alleging the same vaccine injury may have vastly dissimilar medical histories, and, consequently, different numbers of medical records petitioners' attorneys need to locate, file, and review.

Based on her experience and review of the billing records submitted by petitioner, the undersigned is satisfied that the number of hours billed by petitioner's counsel is reasonable.

---

requested adjustment of $3,123.00 for Mr. Shoemaker's work in his application for additional interim attorneys' fees and costs, the omission of an adjustment of $155.25 for Ms. Gentry's fees using petitioner's "net present value" argument appears to be an error on petitioner's part.   Therefore, the undersigned included the $155.25 in her calculation of the total fees requested by petitioner.

However, as explained below, the undersigned will reduce petitioner's award of interim attorneys' fees because he calculated his requested interim fee award using hourly rates based on an inappropriate understanding of § 300aa-15(f)(4)(A) of the Vaccine Act.

### i.   Retroactive application of petitioner's attorneys' current hourly rates

In petitioner's amended application for interim attorneys' fees and costs, petitioner argues that because his attorney, Mr. Shoemaker, is entitled to an hourly rate of $430.00 for his work in 2016 under <u>McCulloch</u>, this rate should be retroactively applied to all previous years that Mr. Shoemaker worked on the case.  For example, petitioner requests a rate of $430.00 for Mr. Shoemaker's work in 2013, although Mr. Shoemaker's hourly rate that year was $385.00. Petitioner likewise requests an additional $155.25 be added to the amount awarded for Ms. Gentry's work on the case, explaining that her 2016 hourly rate of $415.00 should be applied to the 10.35 hours she billed in 2015.

Petitioner contends that the retroactive application of his attorneys' 2016 hourly rate to all of the years they worked on the case accords with the language of § 300aa-15(f)(4)(A) of the Vaccine Act, which states, "payment of compensation under the Program shall be determined on the basis of the net present value of the elements of the compensation . . . ."  Am. Fee App. at 1. The language of § 300aa-15(f)(4)(A) suggests, petitioner argues, that "past lost earnings should . . . be 'increased' to present value," just like "future lost earnings need to be 'reduced' to present value."  <u>Id.</u> at 1-2.

In her response, respondent argues that the retroactive application of petitioner's attorneys' current hourly rate to the work they performed in previous years is "tantamount to demanding prejudgment interest for past expenses" which, respondent contends, is not permitted under the Vaccine Act    Resp. at 4.   In support of her argument, respondent cites <u>Brown v. Secretary of Health and Human Services</u>, in which Special Master Abell concluded "the phrase 'net present value' applies *only* to future elements of compensation" in relation to calculating petitioner's damages in that case.   No. 00-182V, 2005 WL 2659073, at *3 (Fed. Cl. Spec. Mstr. Sept. 21, 2005) (emphasis in original).   Special Master Abell based his decision, in part, on <u>United States Shoe Corporation v. United States</u>, in which the Federal Circuit held "[i]nterest may only be recovered in a suit against the government if there has been a clear and express waiver of sovereign immunity by contract or statute, or if interest is part of compensation required by the Constitution."   296 F.3d 1378, 1381 (Fed. Cir. 2002) (citing <u>Library of Congress v. Shaw</u>, 478 U.S. 310, 311 (1986); <u>Boston Sand and Gravel Co. v. United States</u>, 278 U.S. 41, 47 (1928)).   Special Master Abell rejected petitioner's argument that the language of § 15(f)(4)(A) saying payment shall be based on "the net present value of the elements of the compensation" is an express waiver of sovereign immunity, explaining that the doctrine of sovereign immunity required him to construe the statute narrowly.   <u>Brown</u> 2005 WL 2659073, at *3 (citing <u>Martin v. Sec'y of HHS</u>, 62 F.3d 1403, 1405 (Fed. Cir. 1995); <u>Holihan v. Sec'y of HHS</u>, 45 Fed. Cl. 201, 207 (Fed. Cl. 1999)).

In his reply to respondent's response, petitioner argues that adjusting his requested attorneys' fees to net present value is allowed under the Vaccine Act, because net present value

represents the "time value of money," not interest.   Reply at 1.   To illustrate his point, petitioner provides the example of buying a house for $100,000.00 in 1960 being the equivalent of paying $804,506.80 in 2016 due to inflation.   Id.

Petitioner also disagrees with respondent's reliance on Brown.   He correctly notes that Brown is not binding on the undersigned.   See Hanlon v. Sec'y of HHS, 40 Fed. Cl. 625, 630 (Fed. Cl. 1998), aff'd, 191 F.3d 1344 (Fed. Cir. 1999).   He further argues that Brown was incorrectly decided, particularly in light of recent case law.   First, petitioner distinguishes the cases upon which Special Master Abell relied in reaching his decision, explaining that United States Shoe Corporation, Library of Congress v. Shaw, and Boston Sand and Gravel Company v. United States involved provisions that are very different from the Vaccine Act.   478 U.S. 310; 278 U.S. 41; 296 F.3d 1378.   Petitioner then argues that under recent case law, § 15(f)(4)(A) of the Vaccine Act should be interpreted using a liberal standard, citing Special Master Hastings' 2010 decision in Burch v. Secretary of Health and Human Services.   No. 99-946V, 2010 WL 1676767 (Fed. Cl. Spec. Mstr. Apr. 9, 2010).   In Burch, Special Master Hastings examined the history of the doctrine of sovereign immunity and found that in recent years, the Supreme Court has been moving towards a less restrictive approach to statutory construction involving sovereign immunity issues.   Id. at *5 (citing Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571 (2008)).   Special Master Hastings used the more relaxed standard when interpreting § 300aa-11(c)(1)(A) of the Vaccine Act to mean a fetus in utero "received" a vaccine when her mother did.   Id. at *7.

Petitioner argues that using a more relaxed approach to interpreting § 300aa-15(f)(4)(A) "may not seem important when talking about [attorneys'] fees, but it is highly significant when talking about the generous 'compensation' that a petitioner receives under the VICP."   Reply at 3.   Petitioner then gives examples of how significant the difference in damages payments would be for hypothetical petitioners receiving payments based on the actual expense per year versus the present value of the expense in the year the payment is made.   Id.   He points out that the amount of the present value is different from the amount that would be paid if petitioner put the expenses on a credit card, which would represent interest.   Id.

The undersigned cannot adopt petitioner's calculation of attorneys' fees using his understanding of net present value.   The Federal Circuit recently ruled on the very argument petitioner raises in Biery v. United States.   818 F.3d 704, 714-15 (Fed. Cir. 2016).   In Biery, a Rails to Trails case, the Federal Circuit affirmed Judge Firestone's decision not to award current hourly rates for work that the attorneys in that case completed in the past.   Id.   Relying on a previous Federal Circuit case on the same issue, Chiu, the Federal Circuit decided that awarding current hourly rates for past work is "barred by the no-interest rule" in Shaw, explicitly rejecting the argument made by petitioner in the instant case.   Id. (citing Shaw, 478 U.S. at 322); Chiu v. United States, 948 F.2d 711, 719 (Fed. Cir. 1991).   The undersigned is "bound . . . by the decisions of the United States Court of Appeals for the Federal Circuit."   Guillory v. Sec'y of HHS, 59 Fed. Cl. 121, 124 (Fed. Cl. 2003), aff'd, 104 F. App'x 712 (Fed. Cir. 2004).   The undersigned must follow the Federal Circuit's express rejection of petitioner's argument in both Biery and Chiu.   818 F.3d at 714-15; 948 F.2d at 719.

**Therefore, the undersigned will not award the additional $3,278.25 in interim attorneys' fees petitioner requests**.

**B.  Reasonable Attorneys' Costs**

Attorneys' costs must be reasonable as well.   See Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.   Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").

**i.    Cost of retaining a life care planner**

In his amended application for interim fees and costs filed on March 6, 2016, petitioner requested that the undersigned award $5,000.00 for the cost of retaining a life care planner.   In her response, respondent argues that the undersigned should not award this amount because it represents "advanced payment of [petitioner's] life case planner's costs . . . for services not yet rendered," which is not permitted under the Vaccine Act.   Resp't's resp. at 4.   In his reply to respondent's response, petitioner explained that since the time the amended application was submitted, petitioner's life care planner has billed for services performed for petitioner. Therefore, respondent's objection is moot.   The undersigned will award the full $5,000.00 requested by petitioner as reimbursement for the cost of retaining a life care planner.

**CONCLUSION**

The undersigned finds that the amount petitioner asks for in his application for interim attorneys' fees and costs is reasonable.   **Accordingly, the court awards:**

a.  **$185,077.20**, representing interim attorneys' fees and costs.   The award shall be in the form of a check made payable jointly to petitioner and Shoemaker, Gentry & Knickelbein in the amount of **$185,077.20**; and

b.  **$5,462.65**, representing petitioner's costs.   The award shall be in the form of a check for **$5,462.65** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

Dated: <u>September 28, 2016</u>                                         <u>  /s/ Laura D. Millman  </u>
                                                                                      Laura D. Millman
                                                                                      Special Master