# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 8, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JEFFREY DAVID SIMMONS, | * | No. 11-216V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Clifford J. Shoemaker, Shoemaker and Associates, Vienna, VA, for Petitioner.
Lynn C. Schlie, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 7, 2011, Jeffrey David Simmons ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that the tetanus toxoid-diphtheria-acellular pertussis ("Tdap") vaccine he received on April 11, 2008, caused him anaphylaxis, immune dysregulation, and autoimmune disease leading to Addison's disease. Pet. at ¶ 107. On October 30, 2015, the previously assigned special master ruled that petitioner was entitled to compensation, and on May 28, 2019, she issued her Decision on damages. ECF No. 220.[3]

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Following Special Master Millman's retirement this case was reassigned to me on June 6, 2019 for resolution of attorneys' fees and costs.

On July 20, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 226 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $104,117.42 (representing $76,919.70 in fees and $27,197.72 in costs). Fees App. at 1, Additional Documentation (ECF No. 228) at 1.[4] Pursuant to General Order No. 9, petitioner warrants that he has not incurred any costs related to the prosecution of his petition. *Id.* Respondent responded to the motion on July 31, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requests that I exercise my discretion and determine a reasonable award for attorneys' fees and costs. Resp. at 2–3 (ECF No. 227). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.   **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the

---

[4] Petitioner filed additional information clarifying his requested attorneys' costs and revising the requested amount on October 24, 2019.

Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[5]

Petitioner requests the following rates for the work of his attorneys: for Mr. Clifford Shoemaker, $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019; for Ms. Renee Gentry, $415.00 per hour for work performed in 2016, $424.00 per hour for work performed in 2017, $435.00 per hour for work performed in 2018, and $445.00 per hour for work performed in 2019; and for Ms. Sabrina Knickelbein, $365.00 per hour for work performed in 2016, $378.00 per hour for work performed in 2017, $391.00 per hour for work performed in 2018, and $400.00 per hour for work performed in 2019. These rates are consistent with what Shoemaker and Associates attorneys have been awarded for their Vaccine Program work. Accordingly, the requested rates require no adjustment.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

---

[5] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

I have reviewed the submitted billing entries and find that reductions are necessary due to problems which have consistently been noted in fees applications submitted by Shoemaker and Associates attorneys. Specifically, concerning the entries of Mr. Shoemaker, I note that special masters have consistently reduced his awarded fees for vague billing entries. *See Barry v. Sec'y of Health & Human Servs.*, No. 12-39, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by 10% due to vague billing entries); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez*, 2009 WL 2568468, at *8.

In this case, examples of vague entries prepared by Mr. Shoemaker include "Emails to Renee," "Emails from Renee," "Review fax and discuss with Renee," and "PC w Clients" because they do not describe the topic of the correspondence, leaving me unable to determine whether the time billed for the correspondence was reasonable, or necessary at all. Additionally, Mr. Shoemaker billed time for preparing and mailing checks to his experts, a task which is typically administrative in nature. Accordingly, the undersigned shall reduce the amount of the fees attributable to Mr. Shoemaker's work by ten percent, resulting in a reduction of **$1,250.10**.[6]

Also requiring reduction are the hours of Ms. Knickelbein for duplicative billing. Like the issues with Mr. Shoemaker's billing, Ms. Knickelbein's billing has previously been found to be problematic. Concerning Ms. Knickelbein's work, there are two consistent issues. First, virtually all of Ms. Knickelbein's work is that which typically is performed by a paralegal. In this case, Ms. Knickelbein billed exclusively on review of documents filed by respondent and the Court. *See generally* Fees App. at 23-27. The fact that entries for review of filed documents was billed for small amounts of time (e.g., 0.1 hours to review the previously assigned special master's reasoned decisions on damages, 0.4 hours to review one of respondent's expert reports) speaks to the superficiality of the review. It appears as though Ms. Knickelbein simply reviews all filings as a matter of course but does not assist Mr. Shoemaker or Ms. Gentry with any substantive attorney work thereafter.

This issue is further compounded by the fact that all of Ms. Knickelbein's review work is duplicative with time billed by Mr. Shoemaker and Ms. Gentry for review of the same documents. In particular, Mr. Shoemaker has billed for review of all filings made by respondent and the Court, while Ms. Gentry billed time for review of substantive documents such as expert reports and reasoned decisions of the Court. Because Ms. Knickelbein's role in this matter did not involve any attorney work, it is unreasonable to bill a second time for review of these filings.

Accordingly, I find that none of the time billed by Ms. Knickelbein in this matter is compensable. This results in a further reduction of **$3,207.10**. Petitioner is therefore awarded final attorneys' fees of **$72,462.50**.

---

[6] The billing entries indicate that Mr. Shoemaker billed a total of $12,501.00 in this case. Fees App. at 28.

4

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $27,197.72 in attorneys' costs, consisting of work performed by petitioner's expert, Dr. Robert Cook, his life care planners at The Coordinating Center, and Labor Market Consulting Services. Petitioner has provided adequate documentation supporting the requested costs and all appear reasonable in my experience. However, the final award of costs must be reduced because petitioner seeks reimbursement for costs that he has already been reimbursed for in the Decision awarding interim fees and costs issued on September 28, 2016 (ECF No. 126). Specifically, in petitioner's additional documentation, he requests reimbursement for four invoices from The Coordinating Center (invoices numbered #1444, #1508, #1667, and #1742). ECF No. 228 at 2. The costs associated with these invoices were already requested and paid as part of petitioner's award of interim costs. *See* ECF No. 107 at 51 (requesting compensation for invoices #1444 and #1508), ECF No. 112 at 4-5 (requesting compensation for invoices #1667 and #1742). I also note that in petitioner's final motion for attorneys' fees and costs, petitioner noted that these invoices had already been paid. Fees App. at 34. It is unclear as to why petitioner's additional documentation now seeks what appears to be a double recovery for these costs.

Accordingly, I shall reduce the final award of costs by **$4,884.00** to account for these invoices which have already been reimbursed. Petitioner is therefore awarded final costs of **$22,313.72**.

## II. Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $76,919.70 |
|---|---|
| (Reduction to Fees) | - ($4,457.20) |
| **Total Attorneys' Fees Awarded** | **$72,462.50** |
| | |
| Attorneys' Costs Requested | $27,197.72 |
| (Reduction of Costs) | - ($4,884.00) |
| **Total Attorneys' Costs Awarded** | **$22,313.72** |
| | |
| **Total Attorneys' Fees and Costs** | **$94,776.22** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, I award a lump sum in the amount of $94,776.22, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Clifford Shoemaker.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).